United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-60444
Summary Calendar

———————————

HUSAM AL SHTAYA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of a Decision of
the Board of Immigration Appeals
BIA No. A95 897 171
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Husam Al Shtaya appeals from the decision of the Board of
Immigration Appeals (BIA) to 1) reject on the merits Shtaya's
application for asylum and 2) uphold the immigration judge's (IJ)
denial of Shtaya's requests for withholding of removal and relief
under the Convention Against Torture (CAT).

Shtaya argues that he established refugee status based on
the imputed political belief that he is an Israeli sympathizer.
He asserts that he faced past persecution given the evidence that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

militants shot at his home. Because of the mistaken assumption that he collaborated with the Israelis, Shtaya states that he cannot safely return to Israel, the West Bank, or any of the occupied territories. Shtaya maintains that the fact that his family has not been harmed is of no consequence because only he is wanted for his alleged collaboration with the Israelis.

Because Shtaya has failed to show that the evidence is so compelling that no reasonable factfinder could conclude against the BIA's determination that he is not entitled to asylum, we must affirm that finding. See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). As Shtaya has not made the showing required to obtain asylum, he has not met the more demanding standards for withholding of removal and protection under the CAT. See Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002).

PETITION DENIED.